# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, J.S. SMITH**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**CHRISTOPHER A. SHAFER**
**MACHINERY REPAIRMAN THIRD CLASS (E-4),**

**NMCCA 201400120**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 21 December 2013.
**Military Judge**: CDR Marcus Fulton, JAGC, USN.
**Convening Authority**: Commander, Navy Region Hawaii, Pearl Harbor, HI.
**Staff Judge Advocate's Recommendation**: LCDR J.S. Ayeroff, JAGC, USN.
**For Appellant**: Capt Jason Wareham, USMC.
**For Appellee**: CDR James Carsten, JAGC, USN; LT Ian D. Maclean, JAGC, USN.

**23 October 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A military judge sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of receiving child pornography and one specification of possessing child pornography, each in violation Articles 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

The appellant was sentenced to a bad-conduct discharge, confinement for 300 days, forfeiture of all pay and allowances, and reduction to pay grade E-1. Prior to taking action, the CA exercised clemency and disapproved all confinement in excess of 240 days. The convening authority later took action approving 240 days confinement and the remainder of the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed.

The appellant raises one assignment of error, averring that a bad-conduct discharge is unjustifiably severe given that evidence was presented that the appellant suffers from a medical disability.[1] We disagree and decline to grant relief.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States* v. *Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Over a seven-month period of time the appellant utilized his laptop computer to access two separate peer-to-peer online computer networks and utilized search terms which he knew would return images and videos containing child pornography. He then downloaded multiple images and videos which he knew to contain actual child pornography and stored them on both his computer and on an IPod portable media player so that he could view the images and videos on repeated occasions. The appellant then viewed the files to satisfy his own sexual curiosity and gratification. While the appellant presented expert testimony from a psychologist who evaluated him regarding his medical diagnosis, this same expert testified that the appellant's disorder did not make him incompetent to stand trial, nor did simply having it mean that an individual would commit crimes, or even be more likely to commit crimes.

After *de novo* review of the entire record, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268. Granting

---

[1] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96. We note that, presented with the same arguments made on appeal, the CA elected to exercise clemency and disapproved a substantial period of adjudged confinement prior to taking action.

We recognize that the CA's action erroneously reflects that the appellant was found guilty in Specification 3 of the Charge of wrongfully possessing child pornography "on divers occasions between on or about 7 November 2012," vice "on or about 7 November 2012." The appellant raises no error and we find no prejudice. However, the appellant is entitled to accurate court martial records. *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). Accordingly, we shall order the necessary corrective action in our decretal paragraph.

We conclude that the findings and the sentence are correct in law and fact and that no error was committed that was materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ. We affirm the findings and sentence as approved by the CA. The supplemental court-martial order will reflect as to Specification 3 of the Charge that the offense was committed "on or about 7 November 2012."

For the Court

R.H. TROIDL
Clerk of Court